# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES ARMSTRONG,

     Plaintiff,

v.                                               Case No.

AMBER MILLER, JOHN WOOD GROUP, PLC,
WOOD GROUP PSN, INC., and XTO ENERGY, INC.,

     Defendants.

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO:   THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO**

PLEASE TAKE NOTICE that Defendant XTO Energy Inc. ("XTO") hereby removes the above-entitled action from the Third Judicial District Court, Dona Ana County, New Mexico, to the United States District Court for the District of New Mexico on the grounds that this action is one that may be removed to this Court by this Defendant pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  XTO respectfully submits the following statement of grounds for removal on the basis of diversity jurisdiction.

1.     On March 24, 2021, Plaintiff filed Plaintiff's Complaint for Defendants' Violations of the Human Rights Act, Defendants' Retaliatory Discharge, and Six Person Jury Demand ("Complaint") in the Third Judicial District, Dona Ana County, New Mexico, entitled *James Armstrong v. Amber Miller, John Wood Group, PLC, Wood Group PSN, Inc. and XTO Energy, Inc.,* Case No. D-307-CV-2021-00706.  Plaintiff's Complaint alleges that Defendants

discriminated and retaliated against him because of his age and disability in violation of the New Mexico Human Rights Act, and discharged him in retaliation for engaging in protected action.

2.      XTO's registered agent for service of process is CSC of Lea County, Inc., MC-CSC1, 726 E. Michigan Drive, Suite 101, Hobbs, New Mexico  88240-3465.  This information regarding XTO's registered agent for service of process is publicly available on the website of the New Mexico Secretary of State ("Secretary").

3.      Even though this information is publicly available, Plaintiff alleges that he was unable to locate the information and attempted service on XTO through the Secretary.  On May 20, 2021, the Secretary sent copies of the Complaint and the Summons to XTO.  *See* **Exhibit 1**. Copies of all process, pleadings and orders served on XTO in the state court action attached as **Exhibit 1** as required by 28 U.S.C. § 1446(a).

4.      This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and Plaintiff's allegations reflect that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.      Plaintiff alleges that he is a citizen of Texas.  Complaint, ¶ 1.

6.      Plaintiff alleges that Defendant Amber Miller is a citizen of Midland, Texas.  *Id.*, ¶ 2.  He cites her address for service of process to include the business address of Wood Group PSN, Inc. in Midland, Texas.  *Id.*  However, on information and belief, and based on Defendant Miller's own Linked In posting, Defendant Miller is a citizen of Hobbs, New Mexico, who works in Carlsbad, New Mexico.

7.      Plaintiff alleges that Defendant John Wood Group, PLC is a foreign corporation. *Id.,* ¶ 3.

8.      Plaintiff alleges that Defendant Wood Group PSN, Inc. is a foreign corporation. *Id.,* ¶ 4.

9.      Plaintiff correctly alleges that XTO is a foreign corporation.  *Id.,* ¶ 5.

10.     Accordingly, there is complete diversity of citizenship between the parties.  XTO consents to the removal of this matter.

11.     The amount in controversy in this matter is determined not by looking at how much Plaintiff says he will recover or is *likely* to recover, but by considering the amount his allegations suggest he *might* lawfully recover.  *See Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911-12 (10th Cir. 2016).  Pursuant to the Supreme Court's decision in *Dart Cherokee*, this Notice need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to pass muster.  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

12.     Plaintiff's Complaint alleges that, as a result of Defendants' alleged conduct, he has suffered damages that include "lost wages and benefits; employment opportunities; lost income; loss of earning capacity; garden variety mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other nonpecuniary losses," plus "additional consequential damages."  Complaint, ¶ 28.  Plaintiff also seeks to recover punitive damages, attorneys' fees and costs, and pre-judgment and post-judgment interest, all of which might possibly be recovered under the claims Plaintiff asserts.  *Id.*  Moreover, each category of damages claimed by Plaintiff is included for purposes of calculating the amount in controversy.

*See Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) (punitive damages may be included in calculating the amount in controversy).

13.   The amount in controversy in this case exceeds the sum of $75,000 because the allegations in Plaintiff's complaint reflect that he could potentially recover much more than that amount, including punitive damages.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (defendant must only demonstrate jurisdictional facts that make it "possible" that the amount in controversy is satisfied).   Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

14.   This action is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because it is pending in Dona Ana County, New Mexico, which lies within this District. Accordingly, XTO's Notice of Removal is timely and complete.  *See* 28 U.S.C. § 1446(a).

15.   A Notice to Adverse Party of Removal to Federal Court is being filed in state court and served simultaneously herewith, in accordance with 28 U.S.C. §1446(d), and a copy is attached as **Exhibit 2**.

16.   A Notice of Removal to Federal Court is being filed in state court and served simultaneously herewith, in accordance with 28 U.S.C. § 1446(d), and a copy is attached as **Exhibit 3**.

Respectfully submitted this 17th day of June, 2021.

LITTLER MENDELSON, P.C.

*/s/ Charlotte Lamont*
Charlotte Lamont
clamont@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102

505.944.9682 (telephone)
505.213.0415 (facsimile)

Kelli Fuqua
kfuqua@littler.com
100 Congress Avenue, Suite 1400
Austin, TX  78701
512.982.7250 (telephone)
512.982.7248 (facsimile)

*Attorneys for Defendant XTO Energy Inc.*

I hereby certify that, on this 17th day of June, 2021, I filed the foregoing using CM/ECF, which caused service by electronic means on all counsel of record as follows:

Brett Duke
LAW OFFICE OF BRETT DUKE, P.C.
6350 Escondido Dr., Ste. A-14
El Paso, TX  79912
brettduke@brettduke.com

Daniela Labinoti
LAW FIRM OF DANIELA LABINOTI, P.C.
707 Myrtle
El Paso, TX  79901
Daniela@LabinotiLaw.com

*/s/ Charlotte Lamont*

4834-1780-6830.1 / 999999-3930